2014-0149

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

IN RE ASUSTEK COMPUTER, INC. AND ASUS COMPUTER
INTERNATIONAL, INC.,

*Petitioners*.

*On Petition for a Writ of Mandamus to the*
*United States District Court for the Eastern District of Texas*
*Case No. 2:13-cv-894*
*Judge Rodney Gilstrap*

## APPENDIX IN SUPPORT OF REPLY OF PETITION FOR WRIT OF MANDAMUS FOR ASUS ASUSTEK COMPUTER, INC. AND ASUS COMPUTER INTERNATIONAL, INC.

Harold H. Davis, Jr.
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, California  94111
415-882-8200
415-882-8220 facsimile

*Attorneys for Petitioners ASUStek*
*Computer, Inc. and ASUS Computer*
*International. Inc.*

September 2, 2014

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Petitioners ASUStek Computer, Inc. and ASUS Computer International, Inc. certifies the following:

1.     The full name of every party represented by the undersigned is ASUStek Computer, Inc. and ASUS Computer International, Inc.

2.     There are no other real parties in interest represented by the undersigned.

3.     The parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties represented by the undersigned are: ASUStek Computer, Inc., which is the parent corporation of ASUS Computer International, Inc.

4.     The names of all law firms and the partners or associates that appeared for the parties now represented by the undersigned in the trial court or are expected to appear in this Court, are:

Harold H. Davis, Jr.
Rachel E. Maire
Irene I. Yang
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, California  94111

Jeffrey M. Ratinoff
K&L Gates LLP
630 Hansen Way
Palo Alto, CA 94304

Jennifer Klein Ayers
K&L Gates LLP - Dallas
1717 Main Street
Suite 2800
Dallas, TX 75201


DATED:  September 2, 2014            /s/ *Harold H. Davis*
                                    _____
                                    Harold H. Davis, Jr.
                                    K&L Gates LLP
                                    4 Embarcadero Center, Suite 1200
                                    San Francisco, CA 94131
                                    415-882-8200

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ............................................................... ii

INTRODUCTION ...................................................................................1

I.  ROCKSTAR PRESENTS NO PERSUASIVE ARGUMENT AS TO WHY GOOGLE'S MANUFACTURER ACTION DOES NOT TAKE PRECEDENCE OVER ROCKSTAR'S CUSTOMER SUIT AGAINST ASUS...................................................................................3

    A.  Rockstar's Action is Based on the Android Platform ...........................4

    B.  ASUS is a Reseller of the Android Platform ........................................7

    C.  Rockstar is Incorrect that Asus Has Not Been Willing to Discuss Being Bound by the California Action ...................................9

    D.  The California Action Deserves Precedence Because the First to File, Customer Suit, and Transfer Factors Were All Decided in that Court First......................................................................................9

    E.  The California Court's Analysis is Relevant ......................................10

II. ROCKSTAR AND THE TEXAS DISTRICT COURT INCORRECTLY IGNORED THE NORTHERN DISTRICT OF CALIFORNIA'S CONVENIENCE ANALYSIS. ........................................12

III. THE DISTRICT COURT CLEARLY ERRED BY IGNORING ISSUES OF COMITY AND JUDICIAL EFFICIENCY. ..............................14

CONCLUSION .....................................................................................15

CERTIFICATE OF SERVICE .............................................................17

# TABLE OF AUTHORITIES

Page (s)

## CASES

*Church of Scientology of Cal. v. U.S. Dept. of Army,*
   611 F.2d 738 (9th Cir. 1979) ...................................................15

*Continental Grain Co. v. Barge FBL-585,*
   364 U.S. 19 (1960).........................................................14

*Katz v. Lear Siegler, Inc.,*
   909 F.2d 1459 (Fed. Cir. 1990) ........................................ 4, 7, 9

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.,*
   Case No. 12-088-RGA, 2012 WL 2803696 (D. Del. July 10, 2012)............7

*Spread Spectrum Screening LLC v. Eastman Kodak Co.,*
   657 F.3d 1349 (Fed. Cir. 2011) ..................................... 4, 7, 9, 14

## STATUTES

28 U.S.C. § 1404.......................................................................14

35 U.S.C. § 299.....................................................................2, 6

## TABLE OF ABBREVIATIONS

Appendix to Mandamus Petition:                                     A__

Appendix to Mandamus Response of Rockstar:                         RA__

Supplemental Appendix to Mandamus Petition                         SA__

Appendix to Mandamus Petition of Google:                           GG__

Supplemental Appendix to Mandamus Petition of Google:              GGS__


Mandamus Petition:                                                 Pet. at __

Mandamus Response of Rockstar:                                     Op. at __

Reply in Support of Google's Mandamus Petition  :                  GG Reply at __

## INTRODUCTION

Rockstar, as directed by its lead investor Apple and through this litigation, is attempting to wage "thermonuclear" war against the Android platform.  That is why Rockstar has only sued Google's Android customers who resell Android-based mobile devices and has not sued other OS-based systems such as Amazon tablet/phones or Nokia phones.  That is why Apple, along with a consortium of other Google competitors, out bid Google in an auction for the Nortel patents Rockstar now asserts.  That is why out of all the thousands of patents it purchased, Rockstar chose to predominantly assert software-based patents against the Android platform.  That is why Rockstar amended its complaint in the Samsung Texas action to add Google as a party.  That is why, in the specific case of ASUS, there can be no pretense that Android is the real target, as Rockstar has *asserted infringement against the same devices and makes the same allegations no matter whether the same device was sold by Google or ASUS.*[1]

Nevertheless, Rockstar now tries to assert that this case is really about hardware and Google's customer's hypothesized "modifications" to the Android code.  This claim is belied by Rockstar's actions.

---

[1] In the interest of judicial economy and to avoid duplicative briefing, ASUS joins Google's reply in support of petition for writ of mandamus, Misc. No. 2014-147, filed by Google on August 25, 2014, and HTC's reply in support of petition for writ of mandamus, Misc. No. 2014-148, filed by HTC on September 2, 2014. ASUS writes separately to address issues unique to ASUS.

First, Rockstar has joined Google as a party in the Texas action against Samsung which is inconsistent with its claim that this case is not about Android. Post AIA, it had to do so because it believed the Google and Samsung claims arose "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process… and questions of fact common to all defendants … will arise in the action." 35 U.S.C. § 299.

Rockstar argues that because of the Samsung Texas action, Rockstar should be considered first to file. If that is true, that is an implicit concession that this case is really about Google as there would be no legitimate reason to join Google in Texas otherwise. In that case, ASUS is a customer of Google and its action should be stayed under the customer-suit doctrine. However, if Rockstar's new assertion that there are significant hardware differences and software modifications is correct, then it would have been inappropriate to join Google, and Google's case should be deemed first to file. In that case, Google's California case takes precedence, and along with the overwhelming connections with the Northern District of California, and Rockstar's minimal connections to Texas, clearly make the Northern District the more convenient forum.

Second, it is clear from the record that Rockstar and its patent holding entity, Mobilestar, were litigation-created entities for the sole purpose to forum shop for

2

the Eastern District of Texas, especially in light of the unrebutted evidence - ignored by both Rockstar and the Texas court - that the Texas State Tax records show that Rockstar is located in Canada. Rockstar cannot be allowed to represent to one government agency that it is based in Canada for tax benefits, and then turn around and claim "firm roots" to the US for litigation-forum purposes.

Finally, the Texas court's decision disturbs comity and sets a dangerous precedent for judicial efficiency. It is undisputed that the California court ruled first, and unequivocally determined that the Android-based litigation should stay in California for many reasons. Rather than respecting the first issued decision by a fellow jurist with similar facts in front of it, the Texas court ignored the California decision and allowed duplicative Texas cases to proceed. The Texas court did not even attempt to reconcile its order with the California court's earlier decision. Permitting what amounts to an inter-district "veto" on another court's reasoned decision offends traditional notions of judicial comity and is inconsistent with judicial economy that this Court should encourage. For these reasons and as stated in Google, ASUS, and other Google customer petitions, the writ should issue.

## I.  ROCKSTAR PRESENTS NO PERSUASIVE ARGUMENT AS TO WHY GOOGLE'S MANUFACTURER ACTION DOES NOT TAKE PRECEDENCE OVER ROCKSTAR'S CUSTOMER SUIT AGAINST ASUS.

Rockstar apparently contends that the only reason why Google's manufacturer action should not take precedence is that Rockstar was first to file by

virtue of the Samsung Texas Complaint.  Op. 15-17.  Although ASUS does not

dispute that Rockstar filed its suit against ASUS before Google filed its

manufacturer suit (A0011-61), Google's California action still takes precedence

over the action against ASUS under the well established "customer suit exception"

to the first-filed rule.  A2082; *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed.

Cir. 1990); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d

1349, 1358 (Fed. Cir. 2011).[2]  ASUS and the other Texas defendants are mere

customers of Android, the platform at the center of the California and Texas cases.

It is undisputed that Google manufactures Android in the Northern District of

California.  A2083.  Thus, its California action takes precedence.

## A.    Rockstar's Action is Based on the Android Platform

The plain language of Rockstar's complaint and infringement contentions

target the Android platform.  A0011-48; GG Reply at 2-6; SA001-133; GGS22-

486.  Five of the six patents asserted against ASUS ("Asserted Patents") are

software patents ("asserted software patents").  A2207-A2330.  As discussed in

detail in Google's petition, Rockstar's infringement contentions for the software

patents asserted against ASUS cite only to Android's "exemplary open source

code," even when asserting infringement of purported important "hardware"

limitations.  GG Reply at 4-6, Op. at 5-6; SA001-133; GGS22-486.  In all of

---

[2] In the alternative, ASUS believes a stay in Texas is warranted.  Pet. at 24.

Rockstar's infringement contentions for these software patents, however, Rockstar fails to specify a single infringing piece of hardware. A2160-65; SA001-133; GGS22-486. This is because none of the asserted software patents require any specific computer hardware, let alone computer hardware that is unique to ASUS. *See* A2214-2330. Rockstar's general references to generic hardware components that all computers contain such as "memory," "processors," "transmitters and receivers" do not alter the nature of its software claims. Op. at 2.

The fact that this case is about the Android platform in general and not ASUS's implementation thereof is further confirmed by the fact that Rockstar accuses the same Google Nexus device in both the California and Texas actions. Rockstar has only provided ASUS with a generic set of infringement contentions, with cites to open source Android code, for all of the asserted software patents. SA001-133. This set of infringement contentions applies to the Nexus 7, at issue in the California and in Texas cases, as well as ASUS's other accused Android products. The only way that Rockstar can apply these contentions in good faith to a variety of ASUS's products running different versions of Android is because the accused functionality is found in generic, unmodified, open source Android code.

Further, Rockstar does not accuse any non-Android devices of infringing the asserted software patents. It has not accused any non-Android OS-based systems such as Amazon or Nokia. In the ASUS case, Rockstar does not assert any of its

software patents against ASUS's windows-based devices, such as the VivoTab or Eee Slate. *See* A0015 ¶ 15.

Rockstar's Android-centric approach to its infringement allegations is also reinforced by its joinder of Google to its action against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). The America Invents Act ("AIA") requires that (1) claims relate to the "same accused product or process" and (2) questions of fact common to all defendants will arise. 35 U.S.C. § 299(a).

Suing Google and Samsung together, while now disclaiming their most significant overlapping fact - open source Android code - is untenable under the AIA. The common product underlying Rockstar's claims against Google and Samsung's products is the Android platform. If Android was not at the heart of Rockstar's Texas actions, then joinder of Google would have been improper. At a minimum, Rockstar's direct infringement case would be based solely on code modifications made by Android customers. To the contrary, Rockstar's infringement contentions cite only to exemplary open source Android code and cite to no customer-specific features or functions that allegedly infringe the Asserted Patents. GG Reply at 4-6; GGS22-486. Rockstar simply cannot have it both ways.

## B.     ASUS is a Reseller[3] of the Android Platform

There is no dispute that Google "designed and created" the Android platform in the Northern District of California.  A2083.  Likewise, it is undisputed that the vast majority of important documents and witnesses related to Android are located in the Northern District of California.  *Id.*  However, the Texas court erred (and Rockstar invites error) when it referenced unspecified modifications made by ASUS to its accused products rather than Google's development of the accused Android platform.  A0009.  Neither Rockstar nor the Texas court could identify a single change to Android code made by ASUS that was relevant.  *Id.*

ASUS is unaware of any changes to Google's Android code provided to ASUS that would make a difference given the broad allegations identified in Rockstar's infringement contentions.  This is why Rockstar fails to cite its infringement contentions for ASUS or any evidence in the record specific to ASUS that would show that ASUS allegedly makes "material" modifications to the

---

[3] As Google notes, the customer suit exception extends beyond "mere resellers" of products.  GG Reply at 6; *Katz*, 909 F.2d 1464; *Spread Spectrum*, 657 F.3d at 1358.  Thus, even if ASUS was more than a reseller, Google's California action would still take precedence because it resolves the "major issues" in the Texas action.  *See, e.g., Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, Case No. 12-088-RGA, 2012 WL 2803696, at *4 (D. Del. July 10, 2012) (staying customer suits pending resolution of manufacturer suit because "Customers' use of the LivePerson technology is central and a 'major issue'" even though "Customers have integrated LivePerson technology with 'other vendors and proprietary infrastructure' to create the infringing system").

Android platform. Op. at 19. In fact, Rockstar fails to identify a *single* change that ASUS makes to Google's open source Android code that affects any of the accused functionality.[4] Instead, Rockstar's infringement contentions broadly apply *identical* exemplary Android source code citations to different devices, running different versions of Android, containing different hardware, and sold by different customer defendants. GG Reply at 2-6; SA001-133; GGS22-486.

The fact remains that Android is Google's product and Google, as the manufacturer, has the greatest interest in defending its products. Indeed, most of Rockstar's allegations concern applications such as G-mail, Google Maps, or Gallery that are not modified by customers at all. SA001-133; GGS22-486. The California action addresses whether any version of Android infringes the Asserted Patents and this makes California the best forum for resolving these issues.

---

[4] Rockstar's claim that it has not had access to Android code and has been somehow limited in identifying alleged differences is untenable. Op. at 19 n.9. ASUS's source code has been available for inspection by Rockstar in ASUS counsel's offices since its May 29, 2014 service of invalidity contentions. Only one day before filing its brief, Rockstar claimed to counsel that it had not *received* the code. Rockstar did not reveal to the Court that such code had previously been made available for inspection. Rockstar's lack of diligence in inspecting, let alone requesting, ASUS's source code is further confirmation that general Android functionality is the primary issue here, not any purported changes made by ASUS. Texas defendants LG even requested that Rockstar provide infringement contentions specifying what LG-modified Android code was accused. A2160-65. Rockstar has not provided such amended infringement contentions, likely because it cannot identify *any* modifications by *any* Texas defendant relevant to infringement.

**C.    Rockstar is Incorrect that Asus Has Not Been Willing to Discuss Being Bound by the California Action**

Rockstar has no basis for asserting that the Texas defendants "refuse to be bound by the results in the California litigation" because it never asked ASUS about its position on this issue.  Op. at 30.  It remains a mystery how Rockstar can in good faith claim to know ASUS's answer to a question Rockstar never posed.

While Rockstar never asked, and has never said exactly what it means by being "bound," ASUS is open to negotiating a stipulation that a finding of infringement against Google would be binding against ASUS accused Android devices should this case be transferred to the Northern District of California, because this case is about Google's Android platform.  The California action would be dispositive of whether the Nexus 7 product infringed Rockstar's Asserted Patents, which certainly covers the "major issues" of the Texas action.[5] *See Katz*, 909 F.2d at 1464; *Spread Spectrum*, 657 F.3d at 1358.

**D.    The California Action Deserves Precedence Because the First to File, Customer Suit, and Transfer Factors Were All Decided in that Court First**

The California court undeniably first weighed the first-to-file rule, customer

---

[5] Rockstar never responded to ASUS's argument that the California action covers *more* issues than the Texas action.  Pet. at 5-6.  For example, the California action would be dispositive of the Nexus 7 and the Android platform's alleged infringement of U.S. Pat. No. 6,333,973, which is not asserted against ASUS in Texas.  A0058 ¶ 49.

suit doctrine, and transfer factors.  A0001-10, 2059-86.  The Texas court was on

notice that the California court ruled *months earlier* to proceed with Google's

manufacturer action.  GG298.  The California court's order clarified that the Texas

court could stay the Texas actions or transfer them for consolidation in California.

A2084.  Chief Judge Wilken *did not* contemplate any other decisions by the Texas

court.  Thus, contrary to Rockstar's assertions, granting ASUS's petition would

remedy the predicament created by the Texas court's abuse of discretion and lack

of deference to the California court.  Op. at 17.

Unable to address the fact that the Texas court inappropriately ruled without

taking into consideration the California court's decisions, Rockstar attempts to

misrepresent to this Court that Chief Judge Wilken is ready and eager to transfer

Google's manufacturer suit to Texas.  Op. at 23.  A plain reading of the California

court's most recent order contradicts this misrepresentation.  RA127-28.  In fact,

Chief Judge Wilken specifically stated that she was inclined to *deny Rockstar's*

*motion to transfer to Texas* and that she was *withholding* judgment on Rockstar's

renewed motion to transfer pending the decision of this Court.  RA128.  Unlike the

Texas court, the California court has consistently recognized that duplicative

litigation serves no purpose.  *Id.*; A2084.

### E.    The California Court's Analysis is Relevant

Rockstar discounts the California court's opinion as irrelevant by arguing that the California court used a different evidentiary standard, and refuses to address the substance of the California court's opinion. Op. at 21, 23-25. The California court did not, as Rockstar suggests, use a different standard in weighing transfer. To the contrary, Chief Judge Wilken' order made clear that she interpreted Rockstar's motion as a "motion to dismiss, *or in the alternative*, to transfer." A2059 (emphasis added). The California court then analyzed Rockstar's motion to dismiss based on lack of jurisdiction (A2063-2080) *separately* from the motion to transfer (A2081-2086).

Likewise, Rockstar's assertion that the Texas court's decision is based on a "more robust record" than the California court's order is wrong. Op. at 21. The motions in both Courts presented similar facts related to the locations of important witnesses and documents. *Compare* GG1132-86 *with* A0062-2058. Rockstar does not identify any facts, because there are none, that were unavailable to the California court, let alone how such facts would have made a difference.

The most relevant development in the Texas court's record was Chief Judge Wilken's denial of Rockstar's motion to transfer, which occurred after these motions were fully briefed and well before any ruling on the issue by the Texas court. A2081-86. The Texas court had notice of the Chief Judge Wilken's order, but erred by ignoring her well-reasoned determination that the customer suit

11

exception applied.  GG298.  The Texas court then further erred by refusing to transfer or stay the Texas action and unnecessarily creating duplicative litigation.

## II. ROCKSTAR AND THE TEXAS DISTRICT COURT INCORRECTLY IGNORED THE NORTHERN DISTRICT OF CALIFORNIA'S CONVENIENCE ANALYSIS.

Rockstar's Response to ASUS's petition simply repeats the arguments it made in the district court without dealing with several inconvenient, but critical, truths.  This case is about Google, which is undeniably located in the Northern District of California, and its Android platform which is undeniably developed *in Northern California*.  *See supra*; A0008, 2085.  To the extent this case is about ASUS, it is undeniable that ASUS's US operations are based in the Northern District of California and that it would be clearly more convenient to litigate in California.  Pet. at 4.  To the extent third parties are implicated, the vast majority are in California, and Rockstar has never explained the relevance of its witnesses (most of whom are lawyers) or third parties (most of whom left Nortel years ago) it identified who are located in the Eastern District of Texas.  A2083, 1463.

Indeed, the biggest sham of all is Rockstar's continued insistence that it has "firm roots" in the Eastern District of Texas and the Texas court's unquestioned acceptance of such manufactured evidence.  Op. at 27.  Rockstar's "firm roots" argument is especially specious when both Rockstar and the Texas court fail to ever address that Rockstar has represented to the Texas Tax Authority that

Rockstar's true headquarters are actually in Canada. A0729. Rockstar cannot be allowed to make conflicting representations concerning its location to two different government authorities. Ignoring this fact alone is a clear abuse of discussion.

Rockstar's "firm roots" argument is also contradicted by the fact that one Rockstar entity was not even created until shortly before litigation began, and was not registered to do business in Texas until *after* the Texas case was filed. A0070. To the extent Rockstar attempts to rely upon Nortel's previous contacts in Texas, Rockstar is in no way a successor-in-interest to Nortel having only obtained certain Nortel assets in a public auction. Rockstar's current strongest tie to the Eastern District of Texas appears to be that it rents office space that is not even used by some of its employees. Op. at 10. This does not come close to defeating the clear convenience of litigating the case in California where the vast majority of documents and witnesses are located. A0072, 2083, 2086.

The Texas court, like Rockstar, also ignores these facts and the California court's conclusion that Northern California has a local community interest in deciding cases related to Android because of Google's presence there. A2085.

Although Rockstar is correct that the California court did not analyze ASUS's contacts in Texas or California (Op. at 23), if it had, such facts would have only have bolstered the California court's decision. Even the Texas court recognized ASUS's ties to Northern California. A0004-05. ASUS is a Taiwanese

corporation with US headquarters in the Northern District of California.  Pet. at 4.

ASUS has no ties to the Eastern District of Texas.  *Id.*  Thus, under Rockstar's

logic, the Texas court erred twice--once for ignoring the California court's analysis

of relevant transfer factors and again for minimizing ASUS's contacts with the

Northern District of California.  A0005.

## III.   THE DISTRICT COURT CLEARLY ERRED BY IGNORING ISSUES OF COMITY AND JUDICIAL EFFICIENCY.

Despite having the benefit of the California court first deciding these issues,

the Texas court chose, in effect, to exercise a veto of the California decision

without so much as paying lip-service to that earlier decision.  Section 1404(a) was

designed to prevent exactly this type of unnecessary, duplicative litigation that

wastes the time and resources of the judiciary and the parties.  *Continental Grain*

*Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *Spread Spectrum*, 657 F.3d at 1357

("the guiding principles in the customer suit exception cases are efficiency and

judicial economy").  Permitting the Texas court to ignore a previously decided

issue, without offering any reasoning as to differing with the first decided case,

disturbs traditional notions of comity and encourages inefficiency.  *Church of*

*Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979) ("The

purpose of the comity principle is of paramount importance. The doctrine is

designed to avoid placing an unnecessary burden on the federal judiciary, and to

avoid the embarrassment of conflicting judgments. …. Comity works most

efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers.").  At a minimum, the Texas court should have acknowledged and deferred to the first issued California decision.

## CONCLUSION

Based upon the foregoing, ASUS respectfully requests that this Court issue a writ of mandamus directing transfer of this action to the Northern Distirct of California or staying the Texas action pending resolution of the California action.

Respectfully submitted,

DATED:  September 2, 2014     By   /s/ *Harold H. Davis, Jr.*
Harold H. Davis, Jr.
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, California  94111

Jeffrey Ratinoff
K&L Gates LLP
630 Hansen Way
Palo Alto, CA 94304

*Attorneys for Petitioners ASUStek Computer, Inc. and ASUS Computer International. Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
2014-0149

---------------------------------------------------------------------------------

IN RE ASUSTEK COMPUTER, INC. AND ASUS COMPUTER
INTERNATIONAL, INC.,

     Petitioners.

---------------------------------------------------------------------------------

    I, Harold H. Davis, Jr., being duly sworn according to law and being over

the age of 18, upon my oath depose and say that:

    On the 2nd Day of September, 2014, Counsel for Petitioners has authorized

me to electronically file the foregoing Reply in Support of Petition for Writ of

Mandamus with the Clerk of Court using the CM/ECF System, which will serve

via e-mail notice of the filing to all counsel for the parties registered as CM/ECF

users, including any of the following:

| | |
|---|---|
| Ted Stevenson III (Lead Counsel) | Joshua W. Budwin |
| tstevenson@mckoolsmith.com | jbudwin@mckoolsmith.com |
| dcawley@McKoolSmith.com | Joel L. Thollander |
| David Sochia | jthollander@mckoolsmith.com |
| dsochia@McKoolSmith.com | MCKOOL SMITH, P.C. |
| MCKOOL SMITH, P.C. | 300 W. 6th Street, Suite 1700 |
| 300 Crescent Court Suite 1500 | Austin, TX 78701 |
| Dallas, TX 75201 | Telephone: (512) 692-8700 |
| Telephone: (214) 978-4000 | Telecopier: (512) 692-8744 |
| Telecopier: (214) 978-4044 | |

    Attorneys for Rockstar Consortium US LP and MobileStar Techs. LLC

Additionally, the following counsel for the additional parties to the proceeding below will be sent a copy via email:

Michael J. Bettinger (Lead Counsel)
Curt Holbreich
Irene I. Yang
K&L GATES LLP
Four Embarcadero, Suite 1200
San Francisco, California 94111
(415) 882-8200
(415) 882-8220 facsimile

Attorneys for Defendants HTC Corporation and HTC America, Inc.

Kathleen M. Sullivan
Patrick D. Curran
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
(212) 849-7100 facsimile

Charles K. Verhoeven
Sean S. Pak
Amy H. Candido
Matthew S. Warren
Kristin J. Madigan
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Defendants Google, Inc.

Richard D. Harris (Lead Counsel)
harrisr@gtlaw.com
Jeffrey G. Mote
motej@gtlaw.com
Eric J. Maiers
maierse@gtlaw.com
James J. Lukas, Jr.
lukasj@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400

Mary-Olga Lovett
lovettm@gtlaw.com
GREENBERG TRAURIG LLP
1000 Louisiana, Suite 1800
Houston, Texas 77002
(713) 374-3500
(713) 374-3501

(312) 456-8435 facsimile

Attorneys for Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm USA Inc.

W. Barton Rankin (Lead Counsel)
bart.rankin@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammel Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
(214) 978-3000
(214) 978-9099 facsimile

D. James Pak
d.james.pak@bakermckenzie.com
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
(415) 576-3000
(415) 576-3099 facsimile

Attorneys for Defendants Pantech Co., Ltd., and Pantech Wireless, Inc.

Charles K. Verhoeven
Sean S. Pak
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
(415) 875-6700 facsimile

Joseph Milowic III
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
(212) 849-7100 facsimile

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
(650) 801-5100 facsimile

Attorneys for Petitioners Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

Alexas D. Skucas (Lead Counsel)
askucas@kslaw.com
KING & SPALDING LLP

Steven T. Snyder
ssnyder@kslaw.com
Anup M. Shah

1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100
(212) 556-2222 facsimile

Everett Upshaw
everettupshaw@everettupshaw.com
David A. Bailey
davidbailey@everettupshaw.com
LAW OFFICE OF EVERETT
UPSHAW, PLLC
811 South Central Expressway, Ste 307
Richardson, Texas 75080
(972) 372-4235
(214) 865-6086 facsimile

ashah@kslaw.com
KING & SPALDING LLP
100 North Tryon Street, Ste. 3900
Charlotte, North Carolina 28202
(704) 503-2600
(704) 503-2622 facsimile

Attorneys for Defendants ZTE (USA) Inc. and ZTE Corp.

Additionally, a copy will be sent to these U.S. District Judges via US Mail:

The Honorable Rodney Gilstrap
U.S. District Court, District Judge
Sam B. Hall, Jr. Federal Building and
United States Courthouse
100 East Houston Street
Marshall, Texas 75670
Tel: (903) 935-3868
Fax: (903) 935-2295

Dated: September 2, 2014

/s/ *Harold H. Davis, Jr.*
    Harold H. Davis, Jr.